IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KEVIN A. WEIR,**

      **Plaintiff,**

v.                              Civil Action 2:19-cv-00480
                                  Judge Algenon L. Marbley
                                  Magistrate Judge Kimberly A. Jolson

**GARY C. MOHR, et al.,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motions to Dismiss (Docs. 18, 28, 37). For the reasons that follow, it is **RECOMMENDED** that the Motions be **GRANTED.**

**I.    INTRODUCTION**

Plaintiff Kevin Weir is a pro se prisoner incarcerated in Belmont Correctional Institution. Defendants are Gary Mohr, the former Director of the Ohio Department of Rehabilitation and Correction ("ODRC"); Dr. Eddy, Chief Medical Officer, ODRC; Mick Oppy, the Warden of the Correctional Reception Center ("CRC"); Health Care Administrator Swackhammer at the CRC; David Gray, Warden of the Belmont Correctional Institution ("BeCI"); Joseph Murphy, Health Care Administrator of the BeCI; Dr. Kenneth Saul, Physician at the CRC; Georgia Hazzard, Nurse Practitioner at the CRC; Dr. Aaron Samuels, Physician at the BeCI; and Michelle McNally, Nurse Practitioner at the BeCI.

**II.    BACKGROUND**

On October 21, 2016, Weir was incarcerated at the Lorain Correctional Institution ("LorCI"). (Doc. 19, PageID 213). Shortly thereafter, beginning on November 5, 2016, Weir

began complaining of various GI problems including severe abdominal pain. (*Id.*). While at LorCI, Weir was diagnosed with possible diverticulitis or colitis. (*Id.*). During his time at LorCI, he received treatment for colitis, both at the institution and at external hospitals. (*Id.* at 213–14). In addition, Weir received a colonoscopy and other diagnostic tests, revealing a *Clostridium Difficile* ("*C. diff.*") infection for which Weir was prescribed antibiotics, steroids, oxycodone, prednisone, and calcium with vitamin D. (*Id.* at 214).

On January 17, 2017, Weir was transferred to CRC, where he was treated by defendants Dr. Kenneth Saul (hereinafter, "Dr. Saul") and Nurse Practitioner Georgia Hazzard for ongoing abdominal pain and GI issues. (*Id.* at 215). On February 12, 2017, Weir received another colonoscopy at the Ohio State University Hospital, where he was diagnosed with Crohn's Disease, and was later discharged on February 15, 2017 and returned to CRC. (*Id.*). The following week, Dr. Saul prescribed prednisone, tramadol, antacids, and acetaminophen, and referred Weir to a gastroenterologist. (*Id.* at 215–16). In March and April 2017, Weir experienced increasing pain related to a Crohn's flare-up, for which he received a Remicade infusion, Imuran, Bentyl, and immunizations against Hepatitis A and B, and pneumonia, at the Franklin Medical Center. (*Id.* at 216–17). Returning to CRC in early April, Weir complained that Dr. Saul ignored the gastroenterologist's recommendations and Dr. Saul misattributed Weir's pain to a psychosomatic response. (*Id.* at 217). Weir states that he then filed an informal complaint against Dr. Saul. (*Id.*).

Weir was transferred to BeCI in mid-April of 2017, where he was referred to defendant Dr. Aaron Samuels (hereinafter, "Dr. Samuels"). (*Id.*). According to Weir, Dr. Samuels' "deliberate indifference to the Plaintiff's pain and suffering blinded him to see the correct diagnosis." (*Id.* at 219). Dr. Samuels treated Weir for an inguinal hernia as had been diagnosed

by Dr. Saul, and attempted to reduce the bulge and provided him with a truss—both treatments which Weir complains he did not previously receive from Dr. Saul. (*Id.* at 218–19). Despite receiving this treatment, Weir alleges that Dr. Samuels' inaction led to his serious abdominal pain, increasing bulge, continuing symptoms and suffering, all of which led to his serious condition and emergency surgery. (*Id.* at 219–20). Weir received emergency surgery as a result of "marked diverticulosis, complicated by inflammation and perforation with pericolonic abscess formation" which required the removal of 10 cm of his colon. (*Id.* at 220).

Weir subsequently filed a complaint in the Ohio Court of Claims on March 26, 2018, against Defendants David Gray, the Warden of BeCI; the State of Ohio, Ohio Department of Rehabilitation and Correction; Gary Mohr, Director of the Ohio Department of Rehabilitation and Correction ("ODRC"); Dr. Kenneth Saul, CRC; Georgia Hazzard, Nurse Practitioner at CRC; and numerous Doe Defendants, Nurses and Corrections Officers at BeCI and CRC. (*Weir v. Dept. of Rehabilitation and Correction*, 2018-00529-JD (Nov. 9, 2018)). In the Court of Claims complaint, Weir asserted state law claims for negligence, medical malpractice, and breach of the standard of care established by ODRC and the State of Ohio Medical Board. (Compl. 2018-00529-JD at 6). He asserted that ODRC medical staff at CRC and BeCI acted with malicious purpose, in bad faith, or in a wanton or reckless manner and endangered Weir's life, in violation of Ohio Revised Code §§ 9.86 and 2743.02(A)(1). (*Id.* at 6, 9).

When asserting these claims, Weir cited extensively to Ohio Revised Code § 2743.02(A)(1), quoting

> an action against the state for negligence, where such a cause of action exists, may only be brought in the Court of Claims" and "under Ohio Rev. Code § 2743.02(A)(1), the filing of a civil action against a state in the court of claims constitutes a waiver of any cause based on the same act or omission against any state officer or employee except that there is no waiver, the waiver is void, if the court determines that the act or omission was outside the scope of employment or

that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

(*Id.* at 9). Weir later quoted the Ohio Revised Code sections on the state's immunity and included the waiver provisions contained in Sections 2743.02(A)(3)(a–b) and Sections 2743.02(E–F) in full. (*Id.*).

After pursuing this claim for a number of months, but prior to trial, Weir voluntarily withdrew his complaint filed in the Ohio Court of Claims on October 26, 2018. (*Id.*).

Approximately four months later, on February 13, 2019, Weir brought this suit, substantially similar to his Court of Claims complaint, against the above listed Defendants. In this Court, he claims deliberate indifference on the part of the Defendants for their alleged misdiagnoses and indifference to his care, in violation of his Eighth Amendment rights. (*Id.* at 222). Weir alleges that, due to Defendants' inaction, he was "forced to suffer" for months, before, during, and after this surgery, and that he is now left with "grotesque" scars and fears another life-threatening situation. (*Id.* at 221). He now sues each defendant in both their official and their individual capacities, and seeks monetary damages, attorney fees, and any equitable relief this Court might grant.

### III. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure requires that a complaint "state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 663–64, 678 (2009); *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing the complaint, a court must construe in favor of the plaintiff and accept all well-pleaded factual allegations as true. *Id.* at 57. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (emphasis added) (citing *Twombly*, 550 U.S. at 556).

On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555; *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (noting that a plaintiff must give specific, well-pleaded facts, not just conclusory allegations). In other words, while "detailed factual allegations" are not required under Fed. R. Civ. P. 8(a)(2)'s "short and plain statement" rule, the law "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677–78 (quoting *Twombly*, 550 U.S. at 555) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## IV. DISCUSSION

Defendants have moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, stating that Plaintiff's claims are barred by the *Leaman* Doctrine. As provided in the Ohio Court of Claims Act, the state waives its sovereign immunity and consents to be sued in the Court of Claims. *Leaman v. Ohio Dept. of Mental Retardation & Developmental Disabilities*, 825 F.2d 946, 951 (6th Cir. 1987). The Act states:

> "[t]he state hereby waives its immunity from liability … and consents to be sued, and have its liability determined, in the court of claims[.] [F]iling a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, that the filing party has against any officer or employee[.]

O.R.C. § 2743.02. This waiver of the State's immunity creates a *quid pro quo* arrangement in which the plaintiff agrees to waive their claims in other courts in consideration for receiving a solvent Defendant in state court. *Leaman*, 825 F.2d at 954 (quotations omitted). This waiver of federal claims is effective upon the plaintiff's filing of the claim in the Ohio

Court of Claims. O.R.C. § 2743.02.  And a plaintiff's voluntary dismissal in the Court of Claims does not undo a plaintiff's waiver or change the analysis under the *Leaman* doctrine. *Higginbotham v. Ohio Dep't of Mental Health*, 412 F. Supp. 2d 806, 812 (S.D. Ohio 2005) (holding that statutory waiver of federal § 1983 claim not affected by plaintiff's voluntary dismissal in Court of Claims).

Importantly, a waiver must be "knowing, intelligent, and voluntary." *Id.* at 956.  Where a plaintiff is represented by counsel, such waiver is presumed. *Id.*  But where a plaintiff is proceeding pro se, there is no presumptive waiver.  *Kajfasz v. Haviland*, 55 F. App'x. 719, 722 (6th Cir. 2003).  In that instance, the court must then make a factual finding that the waiver of federal claims was knowingly, intelligently, and voluntarily made. *Id.*

In making its factual finding under the *Leaman* doctrine, the court considers whether the plaintiff has "an above-average understanding of the law for a pro se litigant."  *Williams v. Smith,* 2006 U.S. Dist. LEXIS 52864, *32 (S.D. Ohio August 1, 2006).  To make this determination, courts consider:  the coherency of the filings in both federal and Court of Claims matters, (including caption, organization of complaint, and quoting federal statutes and cases at length), and whether the litigant fully referenced the statutory waiver provisions in their filings.  *Troche v. Crabtree*, 2014 U.S. Dist. Lexis 72626, *9 (S.D. Ohio May 28, 2014).  The pro se plaintiff's prior experience in filing prisoner civil rights lawsuits in federal court also matters.  *See Lenoir v. Ohio Dept. of Rehab. & Corr.*, 2019 WL 3892470, at *4 (S.D. Ohio Aug. 16, 2019) ("[T]his is the first prisoner civil rights lawsuit that plaintiff has filed in federal court. The Court is therefore not convinced that plaintiff made a knowing and voluntary waiver of his right to proceed in federal court.").

For example, in *Williams*, the Court found that the plaintiff voluntarily waived his claim and noted that he had been involved in three prior lawsuits in which he proceeded pro se. 2006 U.S. Dist. LEXIS 52864 at *32. The plaintiff demonstrated an "above-average understanding of the law for a pro se litigant" by properly captioning his complaint and organizing it into sections on facts, jurisdiction, claims, damages, and relief requested. *Id.* at *32–33. And the complaint quoted federal statutes and cases "at length." *Id.* at *33.

Similarly, in *Pullen v. Combs*, the plaintiff voluntarily waived his claims because he previously filed four other federal prisoner civil rights lawsuits, including one in which he pursued an appeal. 2018 U.S. Dist. LEXIS 138171, *18–19 (S.D. Ohio August 15, 2018). The plaintiff also did not deny that he knowingly and voluntarily waived his federal claims by filing in the Court of Claims. *Id.* at *19. Finally, in *Brown v. Mason*, the plaintiff had filed more than thirty pro se cases and cited the statute "almost verbatim" in his Court of Claims complaint. 2012 U.S. Dist. LEXIS 98698, *7–8 (S.D. Ohio July 16, 2012).

In contrast, in *Troche*, the court found that the plaintiff was not an experienced litigant and was unaware that he had waived his federal claims by filing in the Ohio Court of Claims. 2014 U.S. Dist. Lexis 72626 at *11. There, the court found that he had not made a "knowing, intelligent, and voluntary" waiver of his claims because he did not have prior pro se litigation experience beyond the pending matters in the Ohio Court of Claims and in federal court. *Id.* at *9. On top of that, his pro se pleadings did not demonstrate an above-average understanding of the law, as they were hand-written, contained multiple spelling errors, and made minimal factual allegations. *Id.* at *10. In addition, while the plaintiff made a brief reference to O.R.C. § 2743.02, he did not include the text of the statute and therefore did not establish that he was aware of the immunity language it contained. *Id.* at *11.

Here, Weir asserts that the withdrawal of his state claims was "without penalty," and that because the state did not oppose the Motion to Withdraw or its "without penalty" clause, he is shielded from having waived his federal rights. (Doc. 23, PageID 233). Notably, however, Weir does not assert that he was unaware of the effect of the statute, or that he did not make a "knowing, intelligent, or voluntary" waiver of his federal claims.

The balance of factors in this case weigh in favor of a finding of waiver. Important to this inquiry, Weir directly cites and quotes at length the waiver and immunity provisions in O.R.C. § 2743.02(A)(1) in his Ohio Court of Claims complaint. (Compl. 2018-00529 at 8–9). Weir's citation is similar to what the plaintiff in *Brown* did: He quoted the immunity provisions in O.R.C. § 2743.02(A) "almost verbatim" in the first paragraph of his complaint. 2012 U.S. Dist. LEXIS 98698 at *8. Similarly, in Weir's Ohio Court of Claims Complaint, he states "[a]n action against the state for negligence … may only be brought in the Court of Claims.[] Further, under Ohio Rev. Code § 2743.02(A)(1), the filing of a civil action against a state in the court of claims constitutes a waiver of any cause based on the same act or omission[.]" (Compl. 2018-00529 at 8–9). Weir also cites O.R.C. §§ 2743.02(A)(3) and (E-F) extensively, dedicating nearly a page of his complaint to this text. (*Id.* at 9-10). Citing directly to O.R.C. § 2743.02(A) and quoting the waiver and immunity statutes at length weighs in favor of a finding of waiver.

While Weir has argued that his voluntary dismissal should not preclude his claim in this Court, he cannot argue that he did not knowingly waive his federal claim by filing first in the Ohio Court of Claims, and he does not do so here. Instead, Weir leans on the assertion that his dismissal was voluntary and without prejudice, rather than asserting that it was not a knowing and voluntary waiver. This is not unlike the plaintiff in *Pullen*. 2018 U.S. Dist. LEXIS 138171 at *17 ("Plaintiff does not deny that by filing his actions in the Court of Claims, he knowingly

8

and voluntarily waived any claims presented in the Court of Claims actions. Thus, plaintiff has waived his claims."). This also weighs in favor of a finding of waiver.

Additionally, Weir's filings in both the Court of Claims and in this Court demonstrate a level of sophistication that belies his inexperience. Weir's pleadings are similar to those of the "experienced" pro se plaintiffs in *Williams*, *Brown*, and *Pullen*. Weir navigates the technical details pertinent to filing in state court versus federal court and cites case law specific to each court's precedent. Furthermore, there are few spelling errors, despite complicated explanations of medical procedures. Both filings also are properly captioned, arranged into sections, and contain clear factual allegations and requests for relief. This demonstrates the "experienced pro se litigant" factor and weighs in favor of a finding of waiver.

Balancing against a finding of waiver is Weir's lack of prior litigation experience, or experience litigating prisoner civil rights claims. The Court notes that Weir does not have any prior litigation experience aside from these related claims in the Ohio Court of Claims and this Court. But this factor alone is insufficient to outweigh the other factors that demonstrate Weir's understanding.

Based upon all the relevant factors, Weir has made a knowing, intelligent, and voluntary waiver of his federal claims under the *Leaman* doctrine. Accordingly, this Court lacks jurisdiction and does not reach the question of Plaintiff's Eighth Amendment claims.

V. **CONCLUSION**

For the foregoing reasons, the Undersigned **RECOMMENDS** that Defendants' Motions to Dismiss (Doc. 18, 28, 37) be **GRANTED.**

**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). Failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 152–53 (1985).

IT IS SO ORDERED.

Date: October 21, 2019

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE