IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEVIN A. WEIR,

    Plaintiff,

v.

GARY C. MOHR, et al.,

    Defendants.

Case No. 2:19-CV-000480

CHIEF JUDGE ALGENON L. MARBLEY

MAGISTRATE JUDGE JOLSON

# OPINION & ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation (ECF No. 43) recommending Defendants' Motions to Dismiss (ECF No. 18, 28, 37) be granted. This Court hereby **ADOPTS in part** the Report and Recommendation based on independent consideration of the analysis herein. Defendants' Motions to Dismiss are **GRANTED**.

## I.     BACKGROUND

Plaintiff began his incarceration at Lorain Correctional Institution beginning October 21, 2016. (ECF No 19 at 4). Beginning in early November, he began experiencing bloody stools. *Id*. He was sent to Inmate Health Services and seen by a physician who prescribed antibiotics and diagnosed his condition as Diverticulitis / Colitis. Thereafter, his condition worsened and he was seen and treated by several physicians in various hospitals and in the infirmary of the correctional facility. *Id*. Plaintiff's medical history is summarized in his complaint and the Magistrate Judge's Report and Recommendation. (ECF No. 19; No. 41). Plaintiff filed a complaint in the Ohio Court of Claims on March 26, 2018, against many of the same defendants, including the State of Ohio Department of Rehabilitation and Correction (who is not a Defendant here), for many of the same claims. (ECF No. 41 at 3). After pursuing his claim in state court for months, but before any trial

on the merits, Weir voluntarily withdrew his complaint. *Id*. at 3. Four months later he brought the instant action against Defendants based on the same series of events alleging a violation of his Eighth Amendment rights. *Id*. Defendants moved to dismiss Plaintiff's complaint on the basis that his claims are barred by the *Leaman* Doctrine and because he failed to state a claim for relief. (ECF No. 18, 28, 37). The Magistrate Judge reviewed these motions and Plaintiff's objections and issued a report and recommendation that Plaintiff's complaint should be dismissed on the basis that Plainitff's claims are barred by the *Leaman* Doctrine. (ECF No. 43). Plaintiff objected to the Magistrate Judge's Report and Recommendation. (ECF No. 44).

## II. STANDARD OF REVIEW

Upon objection to a magistrate judge's report and recommendation, this Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b).

The Court may dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." The Court must construe the complaint in the light most favorable to the non-moving party and must accept plaintiff's allegations as true. *Stratton v. Portfolio Recovery Assocs., LLC*, 770 F.3d 443, 446 (6th Cir. 2014), *as amended* (Dec. 11, 2014); *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). The Court is not required to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). A complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Complaints drafted by pro se plaintiffs are held to "to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally

construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted).

### III. LAW AND ANALYSIS

#### A. *Leaman* Doctrine Waiver

In the report and recommendation addressing Defendants' motions to dismiss, the Magistrate Judge determined that Plaintiff's claims were barred by the *Leaman* Doctrine because Plaintiff previously filed a similar suit in state court. (ECF No. 41 at 9). In *Leaman*, the Sixth Circuit, interpreting Ohio Rev. C. § 2743.02, determined that upon filing an action against the State in the Ohio Court of Claims, a plaintiff waives his or her claims in other courts based on "the same act or omission." *Leaman v. Ohio Dep't of Mental Retardation & Dev. Disabilities*, 825 F.2d 946, 948 (6th Cir. 1987). The waiver of claims is considered a quid pro quo arrangement wherein the plaintiff agrees to waive his or her claims in other courts in exchange for the State waiving its sovereign immunity and consenting to be sued in state court. *Id.* at 953. *Leaman*, however, does not prohibit a plaintiff from seeking declaratory or injunctive relief against defendants in federal court. *Pool v. Burger*, No. 18-3114, 2019 WL 441500, at *2 (6th Cir. Jan. 10, 2019) (citing *Leaman*, 825 F.2d at 953). In addition to requesting compensatory damages, Plaintiff has also sought a declaratory judgment. ECF No. 19 at 14-15. This request for relief should not have been summarily dismissed as barred by the *Leaman* doctrine and will be addressed below.

District courts are required to analyze whether a pro se plaintiff's waiver was "knowing, intelligent, and voluntary." *Kajfasz v. Haviland*, 55 F. App'x 719, 721-22 (6th Cir. 2003). A waiver is presumed to be "knowing, intelligent, and voluntary" only when a Plaintiff is represented by counsel. *Id*. This presumption is not made when a plaintiff is proceeding pro se and a court is required to make such a factual finding explicitly. *Id*. In making this factual finding, a district court

3

considers the pro se plaintiff's litigation experience, the coherency of his or her filings in both federal and state court, whether the plaintiff cited the statutory waiver provisions in their filing, and, in general, whether the plaintiff "has an above-average understanding of the law for a pro se litigant." *Williams v. Smith*, No. 05-CV-845, 2006 WL 2192470, at *10 (S.D. Ohio Aug. 1, 2006); *see also Easley v. Bauer*, No. 1:07CV37, 2008 WL 618642, at *3 (S.D. Ohio Feb. 29, 2008); *Brown v. Mason*, No. 2:10-CV-783, 2012 WL 2892036, at *2 (S.D. Ohio July 16, 2012); *Brooks v. McCoy*, No. 1:15-CV-39, 2015 WL 4538512, at *4 (S.D. Ohio July 27, 2015).

Here, the balance of factors weighs in favor of a finding that plaintiff's waiver was "knowing, intelligent, and voluntary." While Plaintiff has no prior experience filing a civil rights lawsuit, his complaint and motions exhibit an "above-average understanding of the law for a pro se litigant." *Williams v. Smith*, No. 05-CV-845, 2006 WL 2192470, at *10 (S.D. Ohio Aug. 1, 2006). Plaintiff's complaint and motions are legible, separated into coherent and thoughtful sections, persuasively argued, and accurately cite both statutes and caselaw. *See Brooks v. McCoy*, No. 1:15-CV-39, 2015 WL 4538512, at *4 (S.D. Ohio July 27, 2015) (determining that plaintiff waived claim and noting that his complaints in both federal and state court identified proper statutes, cited cases in support of his claims, and was broken up into sections based on the claim).

In his objection, Plaintiff argues that he is being penalized for his coherent filings and that he did not know that filing in state court would bar him from bringing suit in federal court. However, in his state court complaint, Plaintiff cites to the exact statute that references the waiver, quoting the waiver provision in its entirety. *Weir v. Dept. of Rehabilitation and Correction*, 2018-00529-JD, Compl. at 9 (Nov. 9, 2018); s*ee Brown v. Mason*, No. 2:10-CV-783, 2012 WL 2892036, at *2 (S.D. Ohio July 16, 2012) (determining that *Leaman* waiver applied where plaintiff cited to and quoted from § 2743.02 (A)(1) and that it was "not believable" that he was unable to understand

4

its plain meaning). Additionally, it appears that Plaintiff understood that the waiver provision permitted him to bring in the State of Ohio as a defendant in state court but not in federal court. Plaintiff included the ODRC as a defendant in his state court complaint but did not include the ODRC as a defendant in his federal court complaint. *See Helfinstine v. Lawless*, No. 1:18-CV-679, 2019 WL 4118786, at *3 (S.D. Ohio Aug. 29, 2019), *report and recommendation adopted*, No. 1:18-CV-679, 2019 WL 4452139 (S.D. Ohio Sept. 17, 2019) (determining that plaintiff had a made a knowing and intelligent waiver where he "omitted the ODRC as a defendant in the federal court complaint" but not in the state complaint). Accordingly, Plaintiff's waiver was "knowing, intelligent, and voluntary."

## B. Declaratory and Injunctive Relief

In his complaint, Plaintiff seeks a declaration that Defendants' acts or omissions violate the laws of the U.S. and requests that the Court issue any equitable relief the Court deems necessary. Plaintiff's allegations for deliberate indifference, however, fail to state a claim because his pleadings focus not on any delay in treatment but on whether the health care providers accurately diagnosed him and provided him with the correct medication. Such claims are medical malpractice at best, and do not rise to the level of a constitutional violation. *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976).

To state a claim under § 1983, a plaintiff must plead the violation of a right secured by the Constitution or laws of the United States by a person acting under color of state law. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir.1996). The Supreme Court has held that prisoners have a constitutional right to medical care pursuant to the Eighth Amendment's proscription on cruel and unusual punishment, applicable to states through the Fourteenth Amendment. *Estelle*, 429 U.S. 97 at 103. For a prisoner to state a

claim of an Eighth Amendment violation involving medical mistreatment, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106; see also *Newsome v. Peterson*, 66 F. App'x 550, 551 (6th Cir. 2003). This is a greater standard than negligence, and a "prisoner's difference of opinion regarding treatment does not rise to the level of an Eighth Amendment violation." *Wolfel v. Farley-Morford*, No. 2:09-CV-0263, 2009 WL 4547561, at *2 (S.D. Ohio Dec. 1, 2009) (quoting *DeFreeze v. Zuberi*, 39 Fed. Appx. 137, 138-39 (6th Cir.2002)).

Eighth Amendment claims that an official was deliberately indifferent to a substantial risk of harm posed to a detainee have both an objective and a subjective component. *Farmer v. Brennan*, 680, 834 (1994). The objective component requires a plaintiff to show that the medical need was "sufficiently serious." *Id.* Here, Plaintiff's claims satisfy the objective component since they were "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 897 (6th Cir. 2004).

To establish the subjective component, Plaintiff must show "that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.* at 837. A difference in medical opinion as to "diagnosis or treatment" is not sufficient, by itself, to state a violation of the Eighth Amendment. *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir.1976).

Plaintiff's allegations relate primarily to the misdiagnoses of his condition and the failure to conduct procedures in a proper manner and not to a delay in any medical care. Plaintiff alleges that defendants' deliberate indifference blinded them from seeing the correct diagnosis, that defendants performed "standard" procedures in an incorrect manner, that medical staff were rude

6

and belligerent, and that they forced him to rely on ineffective medication. (ECF No. 19 at 4-13). Plaintiff recounts each of his encounters with medical personnel and indicates that each time he suffered a symptom or expressed pain, that he was given an opportunity to see a treating healthcare provider who ordered labs or additional testing, conducted physical exams, or changed Plaintiff's medication or prescription accordingly. *Id.* Plaintiff was seen by healthcare providers at least twenty times over an approximately six-month period. In *Estelle*, the Supreme Court discussed a similar case where a plaintiff brought a § 1983 claim for failure to diagnose and treat appropriately a back injury, arguing that the health care providers should have ordered additional diagnostic testing to treat his injury. 429 U.S. at 107. The Supreme Court noted that it would be error for a Court to permit such a claim to go forward since:

> the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court under the Texas Tort Claims Act

*Id.*; see also *Wolfel v. Farley-Morford*, No. 2:09-CV-0263, 2009 WL 4547561, at *3 (S.D. Ohio Dec. 1, 2009) (noting the "issue of which medicine to prescribe to Mr. Wolfel is unmistakably an issue of medical judgment, and following Supreme Court and Sixth Circuit precedent, does not rise to a Constitutional violation and does not state a § 1983 claim.").

Where, as here, a prisoner has received medical attention and the dispute is over the "adequacy of the treatment," "federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Simpson v. Ameji*, 57 F. App'x 238, 239 (6th Cir. 2003). While this Court expresses utmost sympathy for Plaintiff's medical condition and ordeal, his claims do not state a constitutional violation and are better suited for resolution in state court as a medical malpractice action.

## IV. CONCLUSION

For the reasons stated above, this Court **GRANTS** Defendants' Motions to Dismiss (ECF No. 18, 28, 37). This case is hereby **DISMISSED** in its entirety.

**IT IS SO ORDERED**.

                                             s/Algenon L. Marbley
                                             **ALGENON L. MARBLEY**
                                             **United States Chief District Judge**

**DATED: March 6, 2020**